Filed 5/3/23  In re N.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re N.W. et al., Persons Coming Under the Juvenile Court Law. | C096840 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2020-0000425) |
| Plaintiff and Respondent, | |
| v. | |
| F.W., | |
| Defendant and Appellant. | |

Appellant F.W., father of the minors, appeals from juvenile court orders terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Father contends the orders should be reversed because the juvenile court and the San Joaquin County Human Services Agency (Agency) failed to comply

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

with the notice and inquiry requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA).

Because the juvenile court did not make ICWA findings, we will conditionally reverse and remand the matter for ICWA compliance.

BACKGROUND

A section 300 petition was filed on behalf of the minors in November 2020 following a failed safety plan. The detention report reflected that mother indicated she did not have any Indian ancestry and father indicated he had "Oklahoma Cherokee" heritage through his maternal grandmother. The social worker completed an ICWA-10 form and stated that ICWA notices would be sent. Neither parent appeared at the November 2020 detention hearing. The minors were ordered detained from parental custody and were placed in the home of T., a paternal relative.

The parents attended the jurisdiction hearing on December 1, 2020, and were appointed counsel. The juvenile court inquired about possible Indian ancestry. Mother stated she did not have any Indian ancestry and father stated that, on his maternal side, his grandmother's mother was "Cherokee Indian out of Oklahoma, but she passed away" and her husband had remarried. The juvenile court directed father to provide that information to the Agency and the jurisdiction hearing was continued.

On December 8, 2020, the Agency filed ICWA-20 forms that had been completed and signed by the parents on October 16, 2020. On the forms, mother indicated she had no Native American ancestry; father indicated he had Cherokee Indian ancestry with a tribe in Oklahoma through his maternal grandmother.

On January 5, 2021, the Agency filed ICWA notice documentation. The notice contained identifying information for mother and the maternal grandparents who were born in Vietnam. The notice also contained names, addresses, birth/death dates, and tribal affiliations (Apache, Cherokee, Choctaw, and Navajo) for father and his maternal line, which included the minors' grandmother, great-grandmother (deceased), great-

2

grandfather (deceased), great-great grandfather (deceased), and great-great grandmother (deceased). The notice was sent to The Choctaw Nation of Oklahoma, Cherokee Nation, Apache Tribe of Oklahoma, Colorado River Indian Tribes, Eastern Band of Cherokee Indians, Jena Band of Choctaw Indians, Mescalero Apache Tribe, Navajo Nation, Fort Sill Apache Tribe of Oklahoma, Jicarilla Apache Nation, Mississippi Band of Choctaw Indians, Ramah Navajo School Board, Inc., San Carlos Apache Tribe, United Keetoowah Band of Cherokee Indians of Oklahoma, Yavapai-Apache Nation of Camp Verde Indian Reservation Arizona, Tonto Apache Tribe of Arizona, and White Mountain Apache Tribe of Fort Apache Reservation Arizona. The notice was also sent to the Bureau of Indian Affairs (BIA). The notice included the completed ICWA-20 forms, along with birth certificates for father, one of the minors, and the paternal grandmother. Father's birth certificate indicated that the identifying information for his father had been withheld.

The Agency's February 18, 2021 jurisdiction report reflected that the investigating social worker completed and signed an ICWA-10 form which gave her reason to believe the minors might have Indian ancestry in a Cherokee tribe from Oklahoma. The report provided the parents' responses regarding Indian ancestry in their completed ICWA-20 forms. The report reflected that notice was sent to the tribes in a completed ICWA-30 form and an ICWA compliance hearing was set for March 23, 2021. But there is no indication in the record that the hearing occurred. The juvenile court took jurisdiction on March 2, 2021.

The Agency's November 23, 2021 disposition report provided a summary of the ICWA information and status and noted responses had not been received from the BIA, Colorado River Indian Tribes, Yavapai-Apache Nation, and San Carlos Apache Tribe. Each of the other tribes had responded that the minors were not enrolled or eligible for enrollment. The Agency concluded there was no reason to believe the minors were Indian children within the meaning of ICWA.

3

The disposition report included mother's family background, as provided by mother. Mother was the oldest of six siblings and was raised by her mother. The January 5, 2021 ICWA notice contained information showing that both of mother's parents originated from Vietnam. She never knew her father. The report also contained father's family background interview which was completed with the assistance of his relative Sharon, who helped father with the minors' care and appointments. Father, who was diagnosed with schizophrenia as a child, stated he was the only child born to his mother and his father. His mother was an alcoholic and inconsistent in his life, so he was often left in the care of his maternal grandmother, who passed away in 2007. Father reported that he never met his father, who was in and out of prison most of his life.

The disposition report also reflected that, in addition to paternal relatives T. and Sharon, the Agency identified a maternal uncle, T.L., and one non-related extended family member. The Agency further identified the paternal grandmother, maternal grandmother, and a maternal aunt – none of whom had responded to the Agency's attempt at contact. The Agency identified three additional maternal relatives but lacked sufficient information to contact them. In February 2022, the minors were moved from T.'s home to the home of T.'s mother -- unnamed in the social worker's reports -- where they have remained.

The disposition hearing did not commence until January 5, 2022, and was not completed until March 1, 2022. The juvenile court adjudicated the minors dependent children of the court, ordered them removed from parental custody, bypassed parents for reunification services, and set a section 366.26 hearing.

The contested section 366.26 hearing took place on August 17, 2022. The juvenile court found the minors likely to be adopted, found no exceptions to adoption applied, and terminated parental rights. Father appealed.

4

DISCUSSION

Father contends the juvenile court did not make required ICWA findings. The Agency concedes the juvenile court did not make express findings. We agree with the parties that the juvenile court did not make any findings as to the adequacy of the Agency's inquiry or whether ICWA applied. A juvenile court must make findings as to the applicability of ICWA, and failure to do so is error. (*In re Jennifer A.* (2002) 103 Cal.App.4th 692, 704-705, 709.)

The Agency nevertheless argues that on this record, the juvenile court could be deemed to have made *implied* ICWA findings. But when findings are implied, the record must " 'reflect that the court considered the issue and decided whether ICWA applies.' " (*In re G.A.* (2022) 81 Cal.App.5th 355, 361, review granted Oct. 12, 2022, S276056, quoting *In re Asia L.* (2003) 107 Cal.App.4th 498, 506.) For example, in *Asia L.*, the appellate court concluded the juvenile court implicitly found ICWA did not apply when it "expressly found that 'notice had been given pursuant to ICWA' and then proceeded to terminate appellants' parental rights under the usual rather than the heightened ICWA standards." (*In re Asia L.*, at p. 506.)

Here, the record does not show any finding or even comment by the juvenile court as to the adequacy of the Agency's inquiry or whether ICWA applied. We decline to imply ICWA findings on this record.

The Agency suggests there can be no prejudice because the minors were placed with a paternal relative who planned to provide permanency to the minors through adoption, and such a relative placement would have been the first placement preference if the minors had been found to be Indian children. But the Agency did not develop this point into a complete argument. Among other things, it did not address whether, on this record, a tribe could have possibly been prevented from seeking intervention, transfer to tribal court, or tribal customary adoption. Because we have not been provided with a full argument on this specific point, we decline to decide it.

Moreover, we decline to make our own ICWA findings. Appellate courts can make findings of fact on appeal, but the authority is exercised sparingly. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) "[I]t is up to the juvenile court to review the information concerning the notice given, the timing of the notice, and the response of the tribe, so that it may make a determination as to the applicability of [ICWA], and thereafter comply with all of its provisions, if applicable." (*In re Jennifer A., supra*, 103 Cal.App.4th at p. 705.) We will remand for the juvenile court to make the requisite findings.

## DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter remanded for the juvenile court to determine whether compliance with ICWA has occurred, and to enter ICWA findings. If the minors are found not to be Indian children falling within the provisions of ICWA, the orders shall be reinstated. However, if the minors are determined to be Indian children as defined by ICWA, and the juvenile court determines ICWA applies to this case, the court shall proceed in accordance with ICWA.


                                          /S/
                                  MAURO, Acting P. J.



We concur:



     /S/
KRAUSE, J.



     /S/
MESIWALA, J.


6